1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK C. FAUROT, II,

11              Plaintiff,                 No. CIV S-05-0341 LKK KJM P

12        vs.

13   DIRECTOR TERHUNE, et al.,

14              Defendants.                <u>ORDER</u>

15   _____/

16         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

19         Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21         Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

23   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

24   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

25   month's income credited to plaintiff's prison trust account.  These payments shall be collected

26   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2          The court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7    U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15         A complaint, or portion thereof, should only be dismissed for failure to state a

16   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

17   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

18   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

19   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

20   complaint under this standard, the court must accept as true the allegations of the complaint in

21   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

22   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

23   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24         The court finds the allegations in plaintiff's complaint are so vague and conclusory

25   that the complaint fails to state a claim upon which relief can be granted.  Although the Federal

26   Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and

1  state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733

2  F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

3  overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint

4  must be dismissed.  However, the court will grant leave to file an amended complaint.

5           While it is not clear, it appears that some of the allegations in plaintiff's complaint

6  concern the failure of defendants to process prison grievances.  Plaintiff is informed that he does

7  not have a federal or constitutional right to a specific grievance procedure.  Ramirez v. Galaza,

8  334 F.3d 850, 860 (9th Cir. 2003), cert. denied sub nom. McEnroe v. Ramirez, 541 U.S. 1063,

9  (2004).  To the extent petitioner seeks to plead a First Amendment claim, restrictions on his

10  receipt of magazines may rise to the level of a claim cognizable in a civil rights action.

11  Thornburgh v. Abbott, 490 U.S. 401, 413 (1989).  Generally, a prisoner retains those First

12  Amendment rights not "inconsistent with his status as a prisoner or with the legitimate

13  penological objectives of the corrections system."  Prison Legal News v. Cook, 238 F.3d 1145,

14  1149 (9th Cir. 2001) (internal quotations omitted).  However, when a regulation or practice has

15  an impact on those rights, it is valid "if it is reasonably related to a legitimate penological

16  objective."  Turner v. Safley, 482 U.S. 78, 89 (1987).  Additionally, to the extent petitioner seeks

17  to plead retaliation, he may be able to state a viable cause of action, as prison officials generally

18  may not retaliate against inmates for exercising First Amendment rights.  Rizzo v. Dawson, 778

19  F.2d 527, 531 (9th Cir. 1985).  Plaintiff will be given the opportunity to amend his complaint to

20  assert First Amendment and retaliation claims, if he is able to do so while complying fully with

21  Federal Rule of Civil Procedure 11.

22           If plaintiff chooses to amend his complaint, plaintiff must demonstrate how the

23  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, see

24  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), taking into account the general principles set forth

25  above and other applicable law.  Any amended complaint must allege in specific terms how each

26  named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is

1   some affirmative link or connection between a defendant's actions and the claimed deprivation.

2   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

3   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

4   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

5   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6           Plaintiff is informed that the court cannot refer to a prior pleading in order to

7   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

8   complaint be complete in itself without reference to any prior pleading.  This is because, as a

9   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

10  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

11  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

12  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

15          2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

16  The fee shall be collected and paid in accordance with this court's order to the Director of the

17  California Department of Corrections filed concurrently herewith.

18          3.  Plaintiff's complaint is dismissed.

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1           4.  Plaintiff is granted thirty days from the date of service of this order to file an

2    amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3    Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

4    docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

5    an original and two copies of the amended complaint; failure to file an amended complaint in

6    accordance with this order will result in a recommendation that this action be dismissed.

7    DATED:  December 7, 2005.

8

9                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14   1

    faur0341.14(4.15.05)

15

16

17

18

19

20

21

22

23

24

25

26